**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| RONALD J. MARTIN, ) | |
| ) | No. 1:12-cv-03656-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Magistrate Judge Shiva V. Hodges's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Carolyn Colvin's decision denying plaintiff's application for disability insurance benefits ("DIB"). Plaintiff filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

Plaintiff Ronald J. Martin ("Martin") filed an application for DIB on August 27, 2003, alleging disability beginning on January 14, 2004.[2] The Social Security Agency denied Martin's claim initially and on reconsideration. Martin requested a hearing before an administrative law judge ("ALJ"), and ALJ Debra Morriss held a hearing on February

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this lawsuit.

[2] Martin initially alleged an onset date of November 15, 1998, but amended the date to January 14, 2004 at the first ALJ hearing.

1

14, 2006.  The ALJ issued a decision on November 14, 2006, finding Martin not disabled under the Social Security Act.  Martin requested Appeals Council review of the ALJ's decision.  The Appeals Council granted Martin's request for review, vacated the ALJ's decision, and remanded the matter to the ALJ.  On March 13, 2009, ALJ Richard L. Vogel held a hearing.  The ALJ issued a decision on November 20, 2009, finding Martin not disabled under the Social Security Act.  The Appeals Council denied Martin's request for review, making the ALJ's decision the final decision of the Commissioner.  On November 17, 2010, Martin filed an action in federal court.  Following an R&R, the court reversed the Commissioner's decision and remanded the case for further administrative proceedings.  Martin v. Astrue, No. 1:10-cv-2984, 2011 WL 6115032 (D.S.C. Dec. 7, 2011).  ALJ Vogel held another hearing on August 17, 2012 and issued a decision on September 6, 2012, finding Martin not disabled under the Social Security Act.

On December 31, 2012, Martin filed this action seeking review of the ALJ's decision.  The magistrate judge issued an R&R on June 9, 2014, recommending that this court affirm the ALJ's decision.  Martin filed objections to the R&R on June 26, 2014.  The Commissioner did not respond to Martin's objections.  The matter is now ripe for the court's review.

  **B.**  **Medical History**

Because Martin's medical history is not relevant to the disposition of this case, the court dispenses with a lengthy recitation thereof and instead only notes a few relevant facts.  Martin was born on August 1, 1964 and was 39 years old on the alleged onset date.  He earned a graduate equivalency diploma and has past relevant work experience as a laborer and a painter.

2

### C.     ALJ's Decision

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Martin was disabled from January 14, 2004 through December 31, 2004, Martin's date last insured.  The ALJ first determined that Martin did not engage in substantial gainful activity during the relevant time period.  Tr. 730.  At the second step, the ALJ found that Martin suffered from the following severe impairments:  lumbar degenerative disc disease, migraine headaches, hypertension, depression, and anxiety.  Id.  At step three, the ALJ determined that Martin's impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's Listing of Impairments.  Tr. 731; see 20 C.F.R. Part 404, Subpt. P, App'x 1.  Before reaching the fourth step, the ALJ determined that Martin had the residual functional capacity ("RFC") to perform sedentary work, as defined by 20 C.F.R. § 404.1567(a).  Tr. 733.  The ALJ determined that Martin could lift and carry no more than ten pounds at a time and occasionally lift and carry articles such as docket files, ledgers, and small tools; could sit for six hours and stand or walk for two hours in an eight-hour workday; could not climb or crawl; could occasionally crouch and stoop; and could not be exposed to industrial hazards.  Id.  The ALJ further found that Martin was limited to working in a low stress setting with no more than occasional decision-making or changes in the work setting, no interaction with the general public, and only occasional interaction with co-workers and supervisors.  Id.  The ALJ found, at step four, that Martin was unable to perform any past relevant work.  Tr. 739.  Finally, at the fifth step, the ALJ found that considering Martin's age, education, work experience, and RFC, he could perform jobs existing in significant

numbers in the national economy, and therefore concluded that he was not disabled during the period at issue. Tr. 740.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

### III.  DISCUSSION

Martin objects to the R&R on three grounds, arguing the magistrate judge erred in:  (1) finding that the ALJ properly considered his impairments in combination; (2) finding that the ALJ properly determined his RFC; and (3) finding that the ALJ properly considered the opinions of his treating physician.

### A.     Combination of Impairments

While Martin's objections are somewhat difficult to parse, he appears to disagree with the ALJ's determination that his combination of impairments did not meet or equal one of listings and contends that his conditions "warranted more careful analysis."  Pl.'s Objections 2-3.

At step three of the sequential evaluation, the Commissioner must determine whether the claimant has an impairment or combination of impairments that meet or equal one of the listed impairments in the Agency's Listing of Impairments.  See 20 C.F.R. § 404.1520(a)(4)(iii).

> In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.

42 U.S.C. § 423(B) (2012); see also 20 C.F.R. § 404.1523 ("[W]e will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.").  As the Fourth Circuit has explained, "a failure to establish disability under the listings by reference to a single, separate impairment does not prevent a disability award."  Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989).  If an individual has a combination of impairments, no one of

which meets a listing, the ALJ must determine whether the combination of those impairments is medically equivalent to a closely analogous listing. 20 C.F.R. § 404.1526(b)(3).

The ALJ fulfilled his duties by considering whether Martin's combination of impairments met or were medically equivalent to any of the listings. Tr. 732-33. Notably, on remand the ALJ included a new paragraph analyzing whether Martin's combination of impairments was equal in severity to several listings and determined that Martin's "combination of impairments, especially his musculoskeletal impairments, hypertension, migraine headaches, and mental impairments has not resulted in the equivalent of Listings 1.04, 4.03, 11.03, 12.04, or 12.06." Tr. 733. In reaching this conclusion, the ALJ cited Martin's activities of daily living and the fact that treatment records indicated that his hypertension and migraine headaches were stable during the relevant period. Id. The court is satisfied that the ALJ properly considered Martin's impairments in combination and that substantial evidence supports the ALJ's finding that Martin's combination of impairments does not meet a listing.

Martin's first objection fails.

### B.     RFC Analysis

Martin's second objection concerns the ALJ's RFC analysis. Pl.'s Objections 3-4. Martin objects to the ALJ's use of his activities of daily living "in a way which did not acknowledge the inconsistency or modified pace at which [he] completed such activities." Id. at 4.

In his RFC analysis, the ALJ noted that "[t]he claimant's activities, including cooking, driving, walking, cleaning, laundry, fishing, shopping, and socializing, generally

involve <u>at least a minimal amount</u> of standing, walking, and carrying of light weight that is not inconsistent with the [RFC] set forth above." Tr. 739 (emphasis added). By acknowledging that the activities listed involve at least a minimal amount of standing walking, and carrying of light weight, the ALJ accounted for the fact that Martin is only able to partake in some of these activities on a limited basis.

The court finds no fault with the consideration of Martin's activities of daily living in the ALJ's RFC analysis. Martin's second objection fails.

### C.     Treating Physician

Finally, Martin disjointedly disputes the ALJ's consideration of his treating physician, Dr. David Castellone. Pl.'s Objections 4-5.

It is well-settled that a treating physician's opinion must be given controlling weight if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); see, e.g., Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up 'specious inconsistencies' . . . or has not given good reason for the weight afforded a particular opinion." Craft v. Apfel, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision) (internal citation omitted).

The ALJ's previous decision was remanded with instructions to consider records from 2004 as a whole, including all impairments, in assessing Dr. Castellone's opinions. Martin, 2011 WL 6115032, at *2. In the ALJ's most recent decision, he expanded his discussion of Dr. Castellone's opinions from a paragraph to a full page. Compare Tr. 24 with Tr. 738-39. This discussion thoroughly analyzed medical records from 2004 relating to all of Martin's impairments. Tr. 738-39. The ALJ gave good reasons for discounting Dr. Castellone's opinions and this court will not reweigh the evidence.

Martin's third objection fails.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 26, 2014**
**Charleston, South Carolina**